Barnard, P. J.
The plaintiff was the wife of Robert Moore, and held two-policies upon his life in the defendant’s company. The policies were issued in 1884, and the premiums were regularly paid up to the 8tli of March, 1886, without any question. The husband died on the 10th of May, 1886. It was a condition of the policy that the premiums should be paid in advance on Monday of each week, and if the payments should fall b hind over four weeks the policy should be null and void. The question was, then, whether the payments were behind four weeks at the death of Robert Moore. The trial court dismissed the complaint because the policy had lapsed for non-payment of dues, and the sole question on this appeal is, whether the evidence nu de a case for the jury. There was but one witness, the plaintiff, upon this point. She testifies that the payment was collected by the defendant’s agent weekly; that the agents were different on three different occasions. The collections were made at the plaintiff’s house, and on payment being made, the defendant’s agent would put the payments down in a book furnished plaintiff for the purpose. This book shows that on the 5th of April, 1886, the plaintiff paid to the 8th of March preceeding. The plaintiff testified that these payments were made to a period within the four weeks before her husband’s death. After he died the defendant’s president informed plaintiff that one of his policies had lapsed, and the other was all right. Subsequently he informed her that both had lapsed. Subsequently the plaintiff found two receipts outside of the book, one dated April 20, and the other dated April 28, 1886, together for $1.26. The weekly payments were thirty-five cents. The court, as matter of law, held that the 'payment-was only made to the 8th of March before the payments of the 20th and-.-28th of April were made, and that these two payments did not bring the payments to a point within four weeks before the 10th of May when Robert Moore died. The testimony of the plaintiff goes much further than a *931 payment to 8th of March, 1886. It goes to the extent that the company’s agents failed to enter the receipts in the book when it was given them, and that the loose receipts were only given when the regular receipt book was not presented on account of temporary failure to find it. It is a significant fact that the loose receipts were given as upon a lapsed policy, and the plaintiff was not informed of the fact. Very soon after, a physician came from the defendant to see plaintiff and inquired for her husband. If all this is unexplained, it would justify a finding of payment down to 28th of April, 1886, for it was usual for the agents to tell how much was behind at every collection, and presumably this amount would be paid.
The judgment should be reversed and a new trial granted, costs to abide event.
Pratt and Dykman, JJ., concur.